DAVID McDOUGALL, Admr., &c., Appellant,

*vs.*

LORETTA TOWNSEND and LUCIUS R. TOWNSEND,
Respondents.

APPEAL FROM MILWAUKEE CIRCUIT COURT.

This cause came into the court below, on appeal from a decree of the judge of probate of Milwaukee County, upon the final account of said McDougall, as administrator of the estate of Norman Follett deceased, and was made on the 28th day of October, 1850, to the Circuit Court, and thence to this Court. On the 5th of October, 1852, a declaration, or something equivalent to a declaration, was filed by McDougall, and the cause seems to have remained pending, from term to term, until the sixth day of January, 1857, receiving no particular attention from either party, or the court, when the respondents, by their attorney, moved an affirmance of the decree of the judge of probate appealed from; which motion was argued by counsel, and on the fifteenth day of January, 1857, allowed by the court. On the 26th day of January, 1857, the appellant filed a motion to vacate and amend the order of the court affirming the decree of the judge of probate, and to restore the cause to the docket for a trial by a jury, for the following reasons:

I. Because the amount in controversy is more than $20, and he has a constitutional right to a trial by a jury.

II. Because the said McDougall on the 2d day of October, 1852, filed his declaration in this matter, to which there has been no demurrer, plea or answer made by the said L. Follett, or any body else.

III. Because the said Townsend has never legally been a party to these proceedings, and his appearance is irregular, and no proof before the court that he is the husband of the said Loretta Follett, and no judgment can lawfully be rendered in favor of himself and wife as this matter now stands.

McDougall vs. Townsend et al.

IV. Because the rules twelve and fourteen of practice for this court, apply to this matter as to all other cases on the law side of the court.

V. Because the attorney of the said heir impliedly consented to all the delay from February, 1852, as will more fully appear from the affidavit of James H. Paine, on file.

VI. Because a new and different construction of said rules 12 and 14, from that placed on them by Judge Hubbell, takes the said McDougall by surprise.

The motion was supported by the affidavit of J. H. Paine, Esq., the attorney for the respondent.

On the 13th day of March, 1857, the Circuit Court dismissed the motion for want of service of a copy of the motion and the affidavit on the attorney of the respondents.

Whereupon the appellant gave notice of his appeal from the order of the 14th of January, 1857, affirming the decree of the judge of probate.

*J. H. Paine and Son* for Appellant.

*Albert Smith* for Respondent.

*By the Court*, SMITH, J.—We think the motion to vacate the judgment of the Circuit Court ought to have been granted, and that the judgment of the 16th of January, 1857, ought not to stand, for the reason that it was evidently rendered in surprise of the appellant. He was entitled to a trial, and was no more chargeable with laches or delay than the appellees. We are not disposed to favor such sharp practice, and as the whole matter is properly addressed to the equitable consideration of the court, we are disposed to reverse the judgment and order a trial. Besides, there was an issue in the case, pending and untried, which ought to have been disposed of before judgment.

New trial ordered.